[S. F. Nos. 2783, 2784.   In Bank.—July 23, 1903.]

In the Matter of the Estate of I. G. WICKERSHAM, Deceased.   CORA L. WICKERSHAM, Executrix, etc., Appellant, v. FRED A. WICKERSHAM et al., Respondents.

ESTATES OF DECEASED PERSONS—SALE UNDER POWER IN WILL—DISCRETION OF EXECUTORS—CONFIRMATION—INTERESTS OF ESTATE—OBJECTION FOR ESTATE OF DECEASED WIDOW.—Where a power of sale was vested in the executors under the will of a deceased person to sell any property of the estate, with or without notice, at either public or private sale, as they may determine, the discretion of the executors, exercised in good faith, as to whether or not the sales

were for the best interests of the estate, is controlling upon the court, and one who claims under the estate of the deceased widow cannot in such case object to confirmation of the sale on the ground that it was not for the best interests of the estate of the deceased widow that the property should be sold.

ID.—SALE OF COMMUNITY PROPERTY—RIGHTS OF SURVIVING WIDOW.—The sale by the executors, under the general power contained in the will, passed only the interest of the deceased testator in the community property at the time of his death, and any legal rights of the surviving widow therein, or of her heirs after her decease, would not be affected by a confirmation of the sale of the interest of the deceased testator and a conveyance thereof. It is only when a sale of community property is made to pay the debts or expenses of administration that the title of the widow passes by a sale thereof.

APPEALS from an order of the Superior Court of Sonoma County confirming a sale made by executors under the will of a deceased testator. Albert G. Burnett, Judge.

Francis J. Heney, and Cowan & Juilliard, for Appellant.

Lippitt & Lippitt, and Campbell, Metson & Campbell, for Respondents.

Marcus Rosenthal, for J. G. Deming, Respondent.

McFARLAND, J.—The appeal in each of the above cases is from a probate order in the estate of I. G. Wickersham, deceased, confirming a sale made by the executors under a power of sale in the will of the deceased. The two appeals involve the same questions; they were submitted on the same arguments; and they will both be determined in this opinion.

The deceased, I. G. Wickersham, who died testate, left a surviving widow, Lydia C. Wickersham, who afterwards died, and, among other children, a son, Frank P. Wickersham, who also died subsequently to the death of his mother, Lydia. Lydia left a will, to the probate of which Frank, during his lifetime, filed a contest. Before that contest was determined Frank died testate, and the contest was continued by his widow and executrix, Cora L. Wickersham, and is still pending. Cora, as executrix of Frank, is the person who made opposition to the confirmation of said sales in the estate of I. G. Wickersham, deceased, and who here appeals from the orders confirming them.

The written opposition of Cora to the confirmation is quite lengthy, and consists mainly of alleged facts tending to show that she was a person interested in the estate of I. G. Wickersham and had a standing in court to oppose the sales. It is sufficient here to say that her contentions on that subject are, substantially, that all the property of I. G. Wickersham was community property; that on his death one half went to his surviving widow, Lydia; that an asserted waiver by Lydia of her rights in the property as surviving wife and election to take under the will of her husband was invalid for certain assigned reasons; that appellant's testator, Frank, had an interest in the estate of his mother, Lydia, notwithstanding the alleged will of the latter, which is contested as aforesaid; and that, therefore, appellant has an interest in the estate of I. G. Wickersham through the interest of her testator, Frank, in the estate of his mother, Lydia. But it is not necessary to inquire here as to appellant's right to oppose the sales, as they must be confirmed on other grounds.

The only real ground of the opposition is stated as follows: "That it was not, and is not, for the best interests of the estate of Lydia C. Wickersham, deceased, that said property should be sold at this time." Even if the sales in question here had been made on petition and order of court,—as in the case of an ordinary administrator or executor not acting under a power of sale in a will,—an opposition on the sole ground that the sales would not be for the best interests of some particular heir would not have been sufficient; it would have to be on the ground that the sales were not for the best interests of the estate in the administration of which the sales were asked—in this case being the estate of I. G. Wickersham. Moreover, in such case, facts showing that the sales were not for the best interests of such estate should be alleged. But in the case at bar the sales were made, not on petition and order of court, but pursuant to a power of sale in the will; and the right to determine whether or not sales should be made was lodged by the testator in the discretion of his executors. The only provisions touching sales under power in a will are in section 1561 of the Code of Civil Procedure. It provides that in such case "the executor may sell any property of the estate without order of the court, and at either

public or private sale, and with or without notice, as the executor may determine"; and although it is provided that the executor must make return of the sales, and that title does not pass until confirmation, still the only limitation on the power of sale is, that "If directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be observed." In the case at bar the power to sell was in no way restricted; the executors were given "full power and authority to grant, bargain, sell, and convey all property, real or personal, or to pay dividends, without application to any court for authority to do so." It is not necessary to inquire how far a court, upon sufficient averments and proof, could control sales made by an executor under power in a will in fraudulent violation of his trust, or examine into the fairness of the sale and the reasonable adequacy of the purchase price. There are no such questions here; and the discretion of the executors, exercised in good faith, as to whether or not the sales were for the best interests of the estate, is controlling. In *Bunner* v. *Storm*, 1 Sand. Ch. 357, where there was a power in a will to sell property, "if an equal valid and satisfactory division thereof, in part or in whole, could not otherwise be made," the court went so far as to hold that "the necessity of a sale was left to the judgment of the executors, and could not be controlled by the court, if exercised in good faith."

It is argued by appellant that the sales here involved were invalid because they included the undivided one-half interest in the community property which went to the surviving wife, Lydia. We need not inquire whether or not she had such interest at the time of the sales. If she had, such interest was not affected by the sales. Under the code a sale by an executor passes only such interest in and title to the property sold as the decedent had at his death. In each of the cases at bar the prayer of the executors was, that the sale be confirmed, and that "the proper legal conveyance" be by the court directed "conveying all the right, title, interest, and estate of the said I. G. Wickersham, deceased, in and to the said real estate at the time of his death," and the order of confirmation directs the executors "to make, execute, and deliver to the said Kate I. Thayer (the purchaser) the proper legal conveyance to the

said real estate.'' If the surviving wife, or any other adverse claimant, had a legal title to, or interest in, the property sold, such title or interest did not pass by the conveyance. In *King* v. *La Grange,* 50 Cal. 328, the facts as to the will, the power of sale, and the community property were the same as in the case at bar, with respect to the points here under discussion; and the court there held that a sale under the power did not affect the wife's one-half interest in the property sold, and that her grantee could afterwards recover the same from the purchaser. The court there said,—and the fact as to the will is the same here,—''There is nothing on the face of the will to indicate that the testator attempted to devise property of which he had not the disposition, nor does the deed executed by Philo H. Perry, executor, under the power in the will, purport to convey any other estate than the right, title, and interest of the decedent in the property described in the complaint. . . . If, in ignorance of the law, the executor supposed he was selling, and the purchaser supposed he was buying, a larger interest than belonged to the estate, it was the misfortune of the latter.'' The case of *Sharp* v. *Loupe,* 120 Cal. 89, merely holds that a sale of community property to pay debts and expenses of administration passes the wife's title,—as, indeed, it would the title of any heir; community property is declared by statute to be subject to claims against the estate and purposes of administration.

The order appealed from in each of the above-entitled cases—S. F. No. 2873 and S. F. No. 2874—is affirmed.

Angellotti, J., Shaw, J., Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.