[Civ. No. 7407.  Third Dist.  Nov. 24, 1947.]

Estate of FRANK L. DA ROZA, Deceased.  EDWARD L. DA ROZA, Appellant, v. IDA M. FARRELL, as Administratrix, etc., Respondent.

Ernest Spagnoli for Appellant.

Wallace Shepard for Respondent.

THOMPSON, J.—Edward L. Da Roza, one of five heirs at law of the estate of Frank L. Da Roza, deceased, has appealed from an order of the probate court confirming the sale of real estate. After a formal hearing at which the appellant appeared with counsel and filed objections to the sale, the court found that "it is for the advantage, benefit, and best interests of said estate and those interested therein that sale be made and confirmed," and thereupon confirmed the sale. The appeal is presented to this court on a settled

statement of the proceeding pursuant to rule 7 of Rules on Appeal.

It is contended the evidence does not support the order confirming the sale; that the court erroneously considered the evidence of two witnesses who were not sworn as required by section 1846 of the Code of Civil Procedure, and that it was not necessary to sell the real property since there were ample funds in the estate with which to pay all debts and expenses of administration. The regularity of the notice for sale and the sale of the real property in conformity with section 784 of the Probate Code, as amended in 1945 (Stats. 1945, p. 2066, ch. 1070), are not questioned.

The court found that Ida M. Farrell, the duly appointed and qualified administratrix of the estate, after publication of due and legal notice of sale as required by law, sold to Central Counties Company, a corporation, at private sale, all of the interest of said estate, being seventeen twenty-sevenths interest in Lots 7 and 8, in the block bounded by 21st and 22d Streets and L and M Streets of the city of Sacramento, according to the official plat thereof, for the sum of $19,000; that said sale price was the highest and best sum bid and the full market value therefor, and was $3,785 in excess of the appraised value which was fixed at $15,215 by an inventory and appraisement filed October 14, 1946; that each of the five heirs of said decedent was entitled to but one-fifth share of the estate's interest therein; that discord and hostility existed between the contestant and the other four heirs, and that it was for the advantage and best interests of the estate and all parties interested therein, to sell the estate's interest in said lot. Based on said findings the sale was accordingly confirmed.

We are of the opinion the order confirming sale of the estate's seventeen twenty-sevenths interest in the lots in question is supported by the evidence, and that we may not interfere with the probate court's discretion in finding that said sale is for the advantage and best interest of the estate and the heirs who are interested therein.

From the settled statement in this case it appears that Frank L. Da Roza died intestate, leaving surviving him five heirs at law, one of whom is the appellant; that the estate included the said interest in the lots above described, which were appraised October 14, 1946, at a value of $15,215; that the appellant, Edward L. Da Roza owns a one-fifth share of the estate's interest in said lots, subject to his portion of

the costs of closing the estate, against which interest executions have been levied for satisfaction of two unpaid judgments which were rendered against him, one for $6,529.66 and interest from August 8, 1944, and the other for $5,428.16 and interest from November 15, 1940; that enmity and dissension exist between the appellant and the other four heirs regarding their respective interests in the estate; that the final account has been filed in said estate, showing cash on hand in the sum of $18,645.67, but that said account does not appear to have been settled or approved; that the administratrix of said estate gave notice by publication as required by law of the sale of the estate's interest in said lots, and sold the same to Central Counties Company, a corporation, for the sum of $19,000, and thereafter petitioned the probate court for confirmation of said sale; that said petition for confirmation came on for hearing on October 21, 1946, and the appellant appeared by counsel and filed his objections thereto, on the chief grounds that the purchase price was disproportionate to the actual value of said lots, and that it was unnecessary to sell the land since the estate possesses adequate funds with which to pay all debts and expenses of administration. Oral and documentary evidence was adduced at that hearing.

The administratrix was authorized to sell the lots in Sacramento at private sale, for the "advantage, benefit, and best interests of said estate," regardless of whether there were funds in the estate sufficient with which to pay all debts and expenses of administration. (*Estate of Wickersham,* 139 Cal. 652, 654 [73 P. 541]; *Estate of Kay,* 30 Cal.2d 215 [181 P. 2d 1]; Prob. Code, §§ 754, 758 and 785; 11B Cal.Jur. 149, § 754; 2 Bancroft's Probate Practice, p. 1042, § 568.) We may concede there is a conflict of evidence regarding the question as to whether it was for the best interests of the estate to sell the land. But the burden was on the contestant to prove that it was not for the best interests to sell the property. (11B Cal.Jur. 146, § 751.) In the text last cited it is said:

"The burden of proof is on the objector as to any facts not appearing by the return and put in issue by his objections."

The order of a probate court confirming or refusing to confirm the sale of real property, "for the best interests of the estate," should be affirmed on appeal if there is sub-

stantial evidence to support the order. In the Kay case, *supra*, in which an order confirming the sale of real property by a guardian in the estate of an incompetent person was affirmed on appeal, the Supreme Court said:

"It is clear, therefore, that the determination whether there was sufficient evidence upon which to base the order lies within the discretion of the probate court."

In the present case the probate court had two questions to determine: First, was the sale of the lots in question for the best interests of the estate, and, second, was the price for which they were sold disproportionate to their value. Only one of the five heirs of the deceased opposed the sale of the lots. ▇ A sale of real estate which would otherwise be for the best interests of the estate could not be defeated on the sole ground that the sale would not be to the advantage or best interests of one heir only who opposes the sale. In the *Estate of Wickersham, supra,* it is said in that regard at page 654:

". . . an opposition on the sole ground that the sales would not be for the best interests of some particular heir would not have been sufficient."

Likewise, it is said in 2 Bancroft's Probate Practice, at page 1043: "Sale on such ground need not be beneficial to a particular heir, if generally beneficial."

▇ In determining the benefits of the sale, the court had a right to take into consideration not only the condition of the estate with respect to the property on hand and the ability to pay all debts and expenses of administration, but also the character of the vacant lots which were offered for sale, the fact that the estate owned only seventeen twenty-sevenths interest in them, their actual value and the condition of the market for such lots in that vicinity, but also the dissension which existed between the heirs, in determining whether it was practical or for the advantage and best interests of the estate to sell them rather than to distribute them in undivided shares.

▇ The settled statement recites that "the Court received in evidence oral and documentary evidence, . . . and that the same consisted of the following: . . ." (reciting the evidence of several named witnesses.) The evidence of Wallace Shepard, the attorney for the administratrix, includes the statement that "The market for real estate of this type in Sacramento had reached a peak and was declining." It also appears from that settled statement that the estate's

interest in the vacant lots was appraised immediately before the sale at $15,215, and that it was sold for $19,000. It is true that the appellant testified that he did not consider the sale to be for the advantage or best interests of the estate, and that ''this particular piece of property will enhance in value and will bring a much greater sum as a sales price within a short period of time, or within a year or so.'' But the last-mentioned testimony merely created a conflict of evidence upon the issues of the value of the lots and the advantage or best interests of the estate resulting from the sale. Those issues were solely within the province of the trial judge to determine. With his conclusions on those issues we may not interfere on appeal, since there is adequate evidence to support the findings of the court. In 11B Cal.Jur. at page 151, section 756, it is said in that regard:

''The court, in confirming a sale, should exercise a sound discretion with a view to the best interests of those who are or may become interested in the proceeds, and its action will stand on appeal, unless an abuse of that discretion appears.''

We conclude that no abuse of discretion on the part of the probate judge appears, and that the findings are adequately supported by the evidence.

Finally, the appellant contends that the evidence of two witnesses, namely, Wallace Shepard, attorney for the administratrix, and V. L. Diepenbrock, attorney for the purchaser, was considered by the court, in spite of the fact that the record does not show that either of them was first sworn as a witness. The same thing is true of the evidence of the attorney for appellant, which also appears in the settled statement. Counsel for appellant, of course, does not complain of the last-mentioned testimony.

We are of the opinion the objection to the consideration of said evidence is without merit. Section 1846 of the Code of Civil Procedure provides in part that: ''A witness can be heard only upon oath or affirmation, . . . .'' The record affirmatively shows that evidence was adduced. But it fails to show whether said witnesses were or were not duly sworn. In support of the order of the court, in the absence of evidence to the contrary, we must assume the officer performed his duty and that the witnesses were sworn. The burden is on the appellant to show, on appeal, that the witnesses were not sworn. Moreover, the record discloses no objection at the hearing on the part of appellant to their testimony on the

ground that the witnesses were not sworn. We must presume that appellant failed to object to the evidence on that ground. He thereby waived his objection to the competency of the evidence. (*Trigueiro* v. *Skow,* 24 Cal.App.2d 253, 256 [74 P.2d 836]; *People* v. *Duffy,* 110 Cal.App. 631, 635 [294 P. 496]; *Tennant* v. *Civil Service Commission,* 77 Cal.App.2d 489, 497 [175 P.2d 568]; 70 C.J. 487, § 654.) The rule in both civil and criminal cases, with respect to waiver of the objection to testimony of witnesses who have not been first sworn, is stated in the text of 70 Corpus Juris at page 487, which is supported by numerous authorities from various jurisdictions, as follows:

''The right to object to the failure to have a witness properly sworn may be waived by failing to object in time or by express consent. . . . Accordingly, it has been held that, in order to prevent waiver of an objection that a witness has not been properly sworn, objection should be made during the trial, or before verdict, or while the defect is capable of being remedied, and cannot be urged as a ground for a new trial.''

The foregoing rule appears to be reasonable. Otherwise a litigant who is present at a trial and has full knowledge of an inadvertent omission to swear a witness would be enabled to remain silent and speculate on receiving a favorable judgment or verdict, failing which, he might upset the entire proceeding by either a motion for new trial or an objection on that ground for the first time on appeal. The gist of the reason for the foregoing rule is that the court and adverse litigants are entitled to notice of the omission while there is still an opportunity to correct the oversight in procedure.

The order confirming the sale of real property is affirmed.

Adams, P. J., and Peek, J., concurred.