## IN RE ESTATE OF KAPPENMANN

(141 N.W.2d 780)

(File No. 10206.  Opinion filed April 26, 1966)

Rehearing denied May 31, 1966

**Roubideaux, Poches & Reade, Charles Poches, Jr.,** Fort Pierre, for executor - appellant.

**Ronayne, Richards & Dobberpuhl, Mike Ronayne,** Aberdeen, for Robert Kappenmann, respondent.

RENTTO, Presiding Judge.

When this controversy was before the circuit court on appeal from the county court the judge of that court wrote: "The question presented by this appeal is whether an executor may sell specifically devised real property, under a power of sale in a will, where such sale is not necessary to pay debts and cost of administration, and where there is no directive in the will to sell such devised property." His answer was no. The same question is presented on this appeal from his decision, but our answer is yes.

The decedent, George A. Kappenmann, died on September 9, 1963. By his will dated April 19, 1963 and admitted to probate on October 7, 1963, the testator disposed of all of his property. He specifically devised to each of eight of his children described 80 acre tracts of land. One of these went to a son, Robert Kappenmann. Wilfred Kappenmann, a son and also the devisee of an 80 acre tract, was appointed executor in the will and later qualified as such and is now so acting. While other devises and bequests are made by the will we feel that a discussion of them is not here necessary.

In paragraph XV the will provided as follows:

"I authorize and empower my personal representative, hereinafter named, if and whenever in the settlement of my estate he shall deem it advisable, to sell at private or public sale at such price as he shall think fit,

the whole or any part of my real and personal estate, and to execute good and sufficient deeds and other instruments necessary or proper to convey and transfer the same to the purchaser, who shall not be bound to see to the application of the purchase money, and I further authorize and direct that it will not be necessary for such personal representative to have approval or will it be necessary to apply to any Court for power so to do, and that it will not be necessary in the sale of any such property that my personal representative need give notice to any person or persons whomsoever of intention to sell such property or of notice of sale of such property."

Pursuant to this authority and without an order of the court, the executor sold at private sale for $28,000 cash all of the specifically devised 80 acre areas as one tract, except the 80 devised to him, subject to confirmation by the court. The land sold had been appraised at $50 per acre. On the date of decedent's funeral seven of the eight devisees of these 80 acre tracts, including Robert Kappenmann, agreed that these tracts be sold as a whole, except the 80 given to the executor. It adjoins other land that he owns and farms and can be utilized advantageously in connection therewith.

The executor made a return of this sale to the county court and asked that it be confirmed. Robert Kappenmann filed objections thereto insofar as the sale of his 80 acres was concerned. He claimed that it was not necessary to sell this property because there was adequate money on hand to pay all the charges against the estate. He further asserted that the 80 given to him was his property and that he should be permitted to dispose of it as he saw fit and that he had an opportunity to sell it at a price in excess of that obtained for it on the sale by the executor. After hearing the county court confirmed the sale and ordered that the property sold be conveyed to the purchaser. From this order the objector appealed to the circuit court.

On such appeal it was stipulated that there was adequate money on hand to pay all debts, funeral expenses, expenses of administration, and other proper charges against the estate,

without resorting to the sale of any real estate; that the purchaser at the sale is a responsible bidder, ready and willing to pay the full purchase price; and that there was no fraud or collusion in any of the sale proceedings. The circuit court concluded that the executor had no legal authority to sell the real estate devised to Robert Kappenman and held the sale thereof to be void. The executor appeals from the judgment setting aside the county court's order confirming the sale of these specifically devised tracts.

The right of a testator to include in his will an authority in his executor to sell property without court order is recognized in and such authority supplemented by SDC 1960 Supp. 35.1527. That section states:

"When property is directed by the will to be sold, or authority given in the will to sell property, the executor may sell any property of the estate without the order of the county court, and at either public or private sale, and with or without notice, as he may determine.

"If directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be followed.

"In any of such cases a return of such sales must be made as in other cases and no title passes unless the sale is confirmed by the court."

This provision has been with us since territorial days. See section 194, Probate Code, Revised Codes 1877.

■ It is suggested that an executor may not sell the decedent's real estate where the testamentary power of sale was discretionary rather than mandatory because under such power the will does not work an equitable conversion of the decedent's realty. Manifestly, paragraph XV of the will contains no directions for sale sufficiently positive to make applicable the doctrine of equitable conversions. SDC 56.0322; in re Hawgood's Estate, 37 S.D. 565, 159 N.W. 117. However, the rule seems to be that

even though the will does not effect an equitable conversion, a discretionary power of sale thereunder is sufficient to authorize the executor to sell the decedent's real estate. In re Shaffer's Estate, 360 Pa. 390, 61 A.2d 872. This clearly is the intent and meaning of SDC 1960 Supp. 35.1527.

██ ██ Sales under this section are limited to those situations where "property is directed by the will to be sold, or authority given in the will to sell property". Another section, SDC 1960 Supp. 35.1501 provides authority for the sale of real property of the estate of a decedent without reference to a testamentary direction or authority to sell. Under the latter section the sale may be ordered, "if it appears to be necessary or that it would be for the advantage, benefit and best interests of the estate and those interested therein or for the purpose of paying a debt secured by mortgage or lien on such property, which has been presented and allowed." It is to be noted that the legislature did not include such limitations on the executor's power of sale in 35.1527. The only limitation on the power of sale in that section is "If directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be followed." The power of sale in the will of George A. Kappenmann was in no way restricted.

At one time California had a code provision identical with SDC 1960 Supp. 35.1527. In writing about it in In re Wickersham's Estate, 139 Cal. 652, 73 P. 541, the Supreme Court of that state said: "But in the case at bar the sales were made, not on petition and order of court, but pursuant to a power of sale in the will; and the right to determine whether or not sales should be made was lodged by the testator in the discretion of his executors." We think the necessity of the sale in this case was by the testator left to the judgment of his executor. Of course it has to be exercised in good faith, but that is not here in question.

In support of the trial court's action the objector directs our attention to Brace v. Black, 51 N.J.Super, 572, 144 A.2d 385; Oehlschlaeger v. Oehlschlaeger's Ex'r, 269 Ky. 596, 108 S.W.2d 528; and State ex rel. Kuburich v. District Court of Third Judicial

District, 141 Mont. 532, 380 P.2d 204. We feel that these authorities do not support his position in the circumstances here present. All of them deal with a general testamentary power of sale, but a statutory provision such as SDC 1960 Supp. 35.1527 is not involved in the first two cases. At least none is given any consideration in the opinions. This we think a significant difference.

While Montana has such a statute, R.C.M.1947, § 91 - 3024, the case cited does not involve the sale of any property. There the executors had disbursed some $20,000 in cash, apparently the only asset in the estate, without court approval under a will that a jury determined to be invalid, and urged the cited section as authority for their action. This is what the court rejected.

■ By SDC 1960 Supp. 35.1516 it is provided that specific devises or legacies may not be sold to pay the debts, expenses of administration, and family allowance if there is other sufficient property with which to discharge these obligations. Obviously, the trial court was influenced by this provision in declaring the sale null and void. As we read it such section applies when the sale is made on petition and order of the court under SDC 1960 Supp. 35.1501, but not when the sale is by virtue of a power contained in the will. See 21 Am.Jur., Executors and Administrators, § 697. Rhode Island has a statute, P.L.1945, Ch. 1563, prohibiting the sale of real estate specifically devised. In Champlin v. Powers, 80 R.I. 30, 90 A.2d 787, 33 A.L.R.2d 1176, the Supreme Court of that state held that such provision did not bar a sale of specifically devised real property made under a power of sale contained in a will "because the express authority therefor is contained in the testator's will."

■ Upon the death of the testator the title to the real property devised in his will vested in the devisees, subject to the control of the county court and possession of the executor during administration. In re Smith's Estate, 76 S.D. 11, 71 N.W.2d 577. However, this does not make the power of sale repugnant to the specific devise in question. Page on Wills, Bowe - Parker,

Revision § 45.10. In Davis v. Scavone, 149 Me. 189, 100 A.2d 425 in considering a naked testamentary power of sale the court wrote "the fee vests in the devisees or the heirs according to the remaining terms and provisions of the will, subject to being divested upon execution of the power." Such vesting is only conditional.

■ Neither the appraisement of the 560 acres at $50 an acre nor the sale thereof as a unit for $28,000 determines that the devisees share equally therein. If it shall appear at the time of distribution the 80 acre tracts are of different values as is here claimed, the court will distribute the proceeds with due regard for such difference.

Accordingly, the judgment appealed from is reversed with directions to reinstate the county court order confirming the sale made by the executor.

All the Judges concur.