#25761-a-DG

**2011 S.D. 42**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JARED MUHLBAUER and
LUKE MUHLBAUER,                                   Plaintiffs and Appellees,

    v.

ESTATE OF GLENN E. OLSON,                         Defendant,

    and

JAMES W. OLSON and
GARY E. OLSON,                                    Intervenors and Appellants,

    v.

ESTATE OF GLENN E. OLSON,                         Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STEVEN R. JENSEN
Judge

* * * *

SHEILA S. WOODWARD of
Johnson, Miner, Marlow
 Woodward & Huff, LLP
Yankton, South Dakota                             Attorneys for appellees.

ROBERT W. KLIMISCH of
Goetz and Klimisch
Yankton, South Dakota                             Attorneys for appellants.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 25, 2011

OPINION FILED **07/27/11**

GILBERTSON, Chief Justice

[¶1.]		The personal representative of an estate sold real property that had been specifically devised to several heirs.  This Court ruled in a previous appeal that the personal representative lacked the authority to sell the property.  We remanded the case to allow the buyers of the real property to intervene to protect their interests.  After remand, the buyers filed suit against the estate.  The heirs who objected to the sale intervened.  The buyers moved for summary judgment, which the trial court granted.  The intervening heirs appeal.  We affirm.

## FACTS

[¶2.]		The underlying facts can be found in *In re Estate of Olson* (*Olson I*), 2008 S.D. 4, 744 N.W.2d 555, and *In re Olson* (*Olson II*), 2008 S.D. 126, 759 N.W.2d 315.  The facts are not disputed.  Consequently, they are only briefly recited now.  Glenn Olson died testate in 2002.  Wayne Olson was appointed personal representative of Glenn's estate (Estate).  In the will, Glenn specifically devised his real estate to James Olson and six other nieces and nephews.  The Estate was informally probated in accordance with the Uniform Probate Code.  Without notice to the heirs in violation of SDCL 29A-3-715(b), Wayne sold part of the specifically devised real property at public auction to Jared and Luke Muhlbauer.  The purchase agreement did not indicate that court approval of the sale was needed.  At the time of the sale, Wayne held letters of administration.  Two to three months after closing, Muhlbauers were informed that some of the heirs questioned the sale of the land they had bought at auction.

[¶3.]     James objected to the confirmation of the sale to the Muhlbauers. Jared Muhlbauer was asked to testify at the hearing confirming the sale. Despite James' objection, the trial court confirmed the sale. The objecting heirs appealed. Muhlbauers were not informed of the appeal confirming the sale until after our decision was issued. On appeal, this Court determined that Wayne lacked the power to sell the specifically devised land and "reverse[d] the trial court order confirming the sale of specifically devised real estate and remand[ed] for further proceedings[.]" *Olson I*, 2008 S.D. 4, ¶ 29, 744 N.W.2d at 564. This Court also instructed that on remand the third-party purchaser would have "the opportunity to intervene to protect his or her interests." *Id.*

[¶4.]     "Following remand, Muhlbauers intervened and filed a claim against the Estate seeking to confirm the sale that this Court had previously voided. In the alternative, Muhlbauers asserted a damage claim that they contended would arise if the sale were not confirmed." *Olson II*, 2008 S.D. 126, ¶ 2, 759 N.W.2d at 317. James and another heir, Gary Olson (collectively Heirs), moved to intervene in the proceedings. *Id.* ¶ 3, 759 N.W.2d at 317-18. The trial court denied their motion to intervene, but this Court reversed that decision on appeal, and remanded to allow the heirs to intervene. *Id.* ¶ 12, 759 N.W.2d at 321.

[¶5.]     On remand, Muhlbauers filed a motion for summary judgment. Heirs filed a motion for partial summary judgment. The Estate then filed a response to the cross-motions for summary judgment, agreeing that summary judgment was

appropriate but declining to advocate for either side.[1] The trial court granted summary judgment in favor of Muhlbauers, stating that "[b]ecause there is no factual dispute that the Muhlbauers were good faith purchasers for value from the Estate and that they had no knowledge of the Personal Representative's lack of authority to sell, the Muhlbauers are protected by SDCL 29A-3-714 as a matter of law."

[¶6.] On appeal, the issue presented is:

> Whether, under the facts of this case, Muhlbauers were good faith purchasers for value of specifically devised land protected by SDCL 29A-3-714.

## STANDARD OF REVIEW

[¶7.] This Court's standard of review of a grant or denial of a motion for summary judgment is well settled.

> In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we determine whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. In considering a trial court's grant or denial of summary judgment, this Court will affirm only if all legal questions have been decided correctly.

*Bertelsen v. Allstate Ins. Co.*, 2011 S.D. 13, ¶ 15, 796 N.W.2d 685, 692-93 (internal citations omitted).

## ANALYSIS

[¶8.] Heirs argue that *Olson I* determined that the sale to Muhlbauers was void, specifically relying on our language that "[t]he sale should have been voided as

---

1. The Estate of Wayne Olson, the personal representative for Glenn Olson's estate, is not a party to this action.

the personal representative did not have authority to sell the specifically devised property[.]" *Olson I*, 2008 S.D. 4, ¶ 28, 744 N.W.2d at 563. Because the property vested in the Heirs at the time of Glenn's death, the Estate did not have an interest in the land that the personal representative could sell. *Id.* ¶ 15, 744 N.W.2d at 560. Heirs assert that *Olson I* contemplated a remedy for Muhlbauers directly against the personal representative, not the confirmation of the sale. Muhlbauers respond that *Olson I* did not determine their title to the land because it "determined the rights of the personal representative vis-à-vis the heirs, not the rights of the Muhlbauers as innocent third party purchasers for value." They point out that this Court remanded precisely to allow Muhlbauers an opportunity to assert their rights. Muhlbauers contend that a sale can be void in one context and valid in another. *See, e.g., Hauck v. Crawford*, 75 S.D. 202, 69 N.W.2d 92 (1953) (discussing void versus voidable title).

[¶9.]	The trial court found that this "Court recognized the lack of an indispensable party [the Muhlbauers] to afford the complete relief sought by the Heirs and remanded the matter back to the trial court to permit the Muhlbauers to intervene and hold further proceedings consistent with *Olson I*." The trial court framed the issue it was addressing on remand as whether the "sale is void as to the Muhlbauers as third party purchasers[.]" In other words, the trial court did not read *Olson I* as determining any of Muhlbauers' rights.

[¶10.]	Today, we affirm on more narrow grounds. At the time Muhlbauers purchased the property at auction, the law was not clear as to whether a personal representative possessed the power to sell specifically devised land when the power

of sale was not contained in the will and the sale was not necessary to pay estate debts; that was the subject of *Olson I*. 2008 S.D. 4, ¶ 9, 744 N.W.2d at 559. This Court extensively reviewed our Territorial Probate Code, the effect of the enactment of the Uniform Probate Code, and case law regarding the power of personal representatives to sell property. *See id.* ¶¶ 11-29, 744 N.W.2d at 559-64. This Court held that "the personal representative did not have authority to sell the specifically devised property[.]" *Id.* ¶ 28, 744 N.W.2d at 563. Muhlbauers could not have known the outcome of *Olson I* at the time they purchased the property.

[¶11.]    Muhlbauers seek the protection of SDCL 29A-3-714, which provides:

> A person who in good faith either assists a personal representative or deals with a personal representative for value is protected as if the personal representative was properly authorized to act. The fact that a person deals with a personal representative with knowledge of the representative capacity does not alone require the person to inquire into the existence of a power or the propriety of its exercise. Except for restrictions on powers of supervised personal representatives which are endorsed on letters as provided in § 29A-3-504, no provision in any will or order of court purporting to limit the power of a personal representative is effective except as to persons with actual knowledge thereof. A person is not bound to see to the proper application of estate assets paid or delivered to a personal representative. The protection here expressed extends to instances in which some procedural irregularity or jurisdictional defect occurred in proceedings leading to the issuance of letters, including a case in which an alleged decedent is found to be alive.

[¶12.]    In order to be protected by SDCL 29A-3-714, Muhlbauers must be good faith purchasers for value. We conclude they are good faith purchasers for value for two reasons. First, as discussed above, Muhlbauers could not have known the outcome of *Olson I* at the time they purchased the property. Second, since its

beginnings, this Court has viewed "a definition sometimes given of 'good faith' . . . [as] 'without notice.'" *Hawke v. Deffenbach*, 4 Dak. 20, 22 N.W. 480, 490 (1885), *aff'd*, 115 U.S. 392, 6 S. Ct. 95, 29 L. Ed. 423 (1885). At the time of the purchase, Muhlbauers did not have notice of the Heirs' interest in the land or the law at issue in *Olson I*. Based on this lack of notice and the unique facts of this case, we conclude that Muhlbauers were good faith purchasers for value. As such, Muhlbauers are protected by SDCL 29A-3-714.

[¶13.] Muhlbauers contend that title must vest in them under SDCL 29A-3-714, "[o]therwise every purchaser of any asset from an estate . . . will demand a court order approving the sale, thereby inundating the circuit courts with unnecessary probate pleadings." Heirs respond that SDCL 29A-3-714 states that "the protection here expressed extends to instances in which some procedural irregularity or jurisdictional defect occurred in proceedings leading to the issuance of letters[.]" Consequently, Heirs argue that SDCL 29A-3-714 does not protect Muhlbauers because there was not a procedural or jurisdictional defect. Instead, the personal representative sold property that he did not have authority to sell.[2]

---

2. Muhlbauers argue that "when a personal representative sells land improperly, the beneficiaries have a remedy against the defaulting fiduciary under SDCL 29A-3-712, but not against the innocent third parties who dealt with the personal representative in good faith." Heirs respond that Muhlbauers have a remedy against the personal representative for damages under the same statute. SDCL 29A-3-712 provides: "If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of fiduciary duty. The rights of purchasers and others dealing with a personal representative shall be determined as provided in §§ 29A-3-713 and 29A-3-714." Neither the Muhlbauers nor the Heirs were granted relief under SDCL 29A-3-712.

(continued . . .)

#25761

[¶14.] SDCL 29A-3-714 protects persons who deal in good faith with a personal representative for value as if the personal representative was properly authorized to act. Because there is no factual dispute that Muhlbauers are good faith purchasers for value and had no knowledge that the personal representative lacked the authority to sell the land, Muhlbauers are entitled to summary judgment confirming the deed under SDCL 29A-3-714.

## CONCLUSION

[¶15.] We affirm because at the time Muhlbauers purchased the land, *Olson I* had not been decided, and as a result, they could not have known that the personal representative lacked the authority to sell them the land. Muhlbauers were good faith purchasers for value, and therefore, protected by SDCL 29A-3-714. We leave for a future case the more general issue of the status of those who purchased real property under similar circumstances after *Olson I*.

[¶16.] MEIERHENRY, Retired Justice, concurs.

[¶17.] KONENKAMP, ZINTER, and SEVERSON, Justices, concur in result.


SEVERSON, Justice (concurring in result).

[¶18.] I concur only in the result. The Muhlbauers are good faith purchasers for value under SDCL 29A-3-714. No restrictions were endorsed on the letters of appointment as provided in SDCL 29A-3-504, and they had no actual knowledge of

---

(. . . continued)
    Whether either party is entitled to relief is not an issue on appeal at this
    time.

-7-

any will provision or court order limiting the authority of the personal representative. The deed from the personal representative thus transferred title free from the claim of any heir with a specific devise in the will.

[¶19.] I do not join that part of the opinion that relies on *In re Estate of Olson* (*Olson I*), 2008 S.D. 4, 744 N.W.2d 555. Before the South Dakota Legislature adopted the Uniform Probate Code (UPC), one who purchased property from an executor needed to examine the will, court records, or other relevant sources to confirm the executor's authority to complete the transaction. *See* 1994 S.D. Sess. Laws ch. 232 (enacting the UPC in South Dakota effective July 1, 1995). This requirement changed with the enactment of SDCL 29A-3-714 and SDCL 29A-3-715(a)(23):

> Section 3-714 explicitly protects purchasers from allegations that a sale from a personal representative was unnecessary or at too low a price or even against the terms of a will. The purchaser is expressly excused from examining the terms of the will, court records relating to the appointment, or other sources that might be relevant to the question of whether the sale is proper as between the fiduciary and those entitled to the inheritance. The only restriction on the power of sale contemplated by the Code is when supervised administration (§§ 3-501 et seq.) has been ordered. In this setting, the court is authorized to endorse restrictions on the personal representative's power on the letters of authority the court issues to the personal representative. A purchaser does take subject to these restrictions. In the ordinary case, however, a title examiner would only need to see that letters were issued and in effect when a personal representative gave a deed to a purchaser.

3 Patton and Palomar on Land Titles § 521 (3d ed. & Supp. 2010).

[¶20.] Limiting SDCL 29A-3-714 would significantly impact marketable title to real estate and personal property. A buyer or other person relying on the validity

of title documents could only be certain of title by examining the will, court records, or other relevant sources. The buyer could not rely on the validity of transfers by personal representatives as SDCL 29A-3-714 allows. Yet under the UPC, many, or even most transactions, do not require court approval. And unless a probate proceeding is conducted as a formal proceeding with court supervision, its probate file would not contain the documents necessary to confirm the personal representative's authority.

[¶21.]    Furthermore, *Olson I* does not follow this Court's settled precedent in *In re Estate of Kappenmann*, 82 S.D. 91, 141 N.W.2d 780 (1966). In *Kappenmann*, we held that an executor may sell specifically devised real property under a power of sale in a will, even if there is not a directive in the will to sell the property and the sale is not necessary to pay debts and costs of administration. *Id.* Although *Kappenmann* was decided before the Legislature adopted the UPC, there is no reason to conclude that the UPC dictates a different result. Nothing distinguishes a power of sale in a will and a power of sale granted by statute.

[¶22.]    The *Olson I* majority concluded that a statutory power of sale is inherently inconsistent with a specific devise. 2008 S.D. 4, ¶ 20, 744 N.W.2d at 561. That conclusion is logically flawed. It assumes as a premise a difference between a power of sale in a will and a power of sale granted by statute. *See* SDCL 29A-3-715(a)(23). But I believe, based on this Court's holding in *Kappenmann*, that conclusion is contrary to precedent. Indeed, Justice Zinter, in his dissent, explained that the authority the *Olson I* majority cited does not support its conclusion. *Id.* ¶

44 (discussing *Kappenmann*, 82 S.D. 91, 141 N.W.2d 780). Because Justice Zinter's dissent is a persuasive statement of the law, I would have joined it.

[¶23.]    Thus, I concur in the result that the Muhlbauers are good faith purchasers for value under SDCL 29A-3-714 and take title free from the claim of any heir with a specific devise in the will. But I do not agree with that part of the opinion that implies a different result in future cases based on the holding in *Olson I*. *Olson I* was not decided in accordance with settled precedent and should not be relied upon as authority.

[¶24.]    KONENKAMP and ZINTER, Justices, join this special writing.