SEVERSON, Justice
(concurring in result).
[¶ 18.] I concur only in the result. The Muhlbauers are good faith purchasers for value under SDCL 29A-3-714. No restrictions were endorsed on the letters of appointment as provided in SDCL 29A-3-504, and they had no actual knowledge of any will provision or court order limiting the authority of the personal representative. The deed from the personal representative thus transferred title free from the claim of any heir with a specific devise in the will.
[¶ 19.] I do not join that part of the opinion that relies on In re Estate of Olson (Olson I), 2008 S.D. 4, 744 N.W.2d 555. Before the South Dakota Legislature adopted the Uniform Probate Code (UPC), one who purchased property from an executor needed to examine the will, court records, or other relevant sources to confirm the executor’s authority to complete the transaction. See 1994 S.D. Sess. Laws ch. 232 (enacting the UPC in South Dakota effective July 1, 1995). This requirement changed with the enactment of SDCL 29A-3-714 and SDCL 29A-3-715(a)(23):
Section 3-714 explicitly protects purchasers from allegations that a sale from a personal representative was unnecessary or at too low a price or even against the terms of a will. The purchaser is expressly excused from examining the terms of the will, court records relating to the appointment, or other sources that might be relevant to the question of whether the sale is proper as between the fiduciary and those entitled to the inheritance. The only restriction on the power of sale contemplated by the Code is when supervised administration (§§ 3-501 et seq.) has been ordered. In this setting, the court is authorized to endorse restrictions on the personal representative’s power on the letters of authority the court issues to the personal representative. A purchaser does take subject to these restrictions. In the ordinary case, however, a title examiner would only need to see that letters were issued and in effect when a personal representative gave a deed to a purchaser.
3 Patton and Palomar on Land Titles § 521 (3d ed. & Supp.2010).
[¶ 20.] Limiting SDCL 29A-3-714 would significantly impact marketable title to real estate and personal property. A buyer or other person relying on the valid *451 ity of title documents could only be certain of title by examining the will, court records, or other relevant sources. The buyer could not rely on the validity of transfers by personal representatives as SDCL 29A-3-714 allows. Yet under the UPC, many, or even most transactions, do not require court approval. And unless a probate proceeding is conducted as a formal proceeding with court supervision, its probate file would not contain the documents necessary to confirm the personal representative’s authority.
[¶ 21.] Furthermore, Olson I does not follow this Court’s settled precedent in In re Estate of Kappenmann, 82 S.D. 91, 141 N.W.2d 780 (1966). In Kappenmann, we held that an executor may sell specifically devised real property under a power of sale in a will, even if there is not a directive in the will to sell the property and the sale is not necessary to pay debts and costs of administration. Id. Although Kappenmann was decided before the Legislature adopted the UPC, there is no reason to conclude that the UPC dictates a different result. Nothing distinguishes a power of sale in a will and a power of sale granted by statute.
[¶ 22.] The Olson I majority concluded that a statutory power of sale is inherently inconsistent with a specific devise. 2008 S.D. 4, ¶ 20, 744 N.W.2d at 561. That conclusion is logically flawed. It assumes as a premise a difference between a power of sale in a will and a power of sale granted by statute. See SDCL 29A-3-715(a)(23). But I believe, based on this Court’s holding in Kappenmann, that conclusion is contrary to precedent. Indeed, Justice Zinter, in his dissent, explained that the authority the Olson I majority cited does not support its conclusion. Id. ¶ 44 (discussing Kappenmann, 82 S.D. 91, 141 N.W.2d 780). Because Justice Zinter’s dissent is a persuasive statement of the law, I would have joined it.
[¶ 23.] Thus, I concur in the result that the Muhlbauers are good faith purchasers for value under SDCL 29A-3-714 and take title free from the claim of any heir with a specific devise in the will. But I do not agree with that part of the opinion that implies a different result in future cases based on the holding in Olson I. Olson I was not decided in accordance with settled precedent and should not be relied upon as authority.
[¶ 24.] KONENKAMP and ZINTER, Justices, join this special writing.