## IN RE ESTATE OF W. M. CHANEY.

No. 5624. Decided March 18, 1931.
(36 S. W., 2d Series, 709.)

*Francis M. Chaney* and *Wm. H. Clark,* for appellants.

*Baskin, Eustus & Greines, E. S. Allen* and *Felix M. Bransford,* for appellees.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

The Court. of Civil Appeals for the Second District has submitted the following certificate:

"This suit was instituted in a District Court of Tarrant County by the executor of the last will and testament of W. M. Chaney, deceased, to obtain a judicial construction of the following will:

" 'I, W. M. Chaney of Keller, Texas, being of sound mind do make this my last will and testament.

" 'I hereby appoint my nephew Emory C. Chaney my executor without bond or consent of the court to take charge of my estate both real and personal and to sell and convert into cash all the property I may have at my death and to pay all debts I may have made and to pay to my heirs such sums of money or property as I set apart for them.

" 'To Josie the wife of Charles G. Johnson my residence in the town of Keller, Texas which is all of block 1 that in my possession at this time and all of the household furniture and fixtures not otherwise disposed of.

" 'And to Geo. T. McCarty all notes and mortgages that I now hold against him and my exwcutor will give him release of the vendors lien notes I now hold against his farm; and to Lucy E. Dale Five Hundred Dollars and to J. A. McCarty all notes and accounts which I now hold against him, to be repaid to my estate at his death  And to the heirs of W. E. McCarty one note for $1000.00 given to me by Arch W. Mc-Carty and Five Hundred Dollars  And to my brother A. S. Chaney Nine Hundred Dollars with the positive understanding that F. M. Chaney is to never have any part of it

W. M. Chaney

" 'And to my niece Mabel Derryberry one Hundred Dollars.  And to the five heirs of my sister Sallie E. McCall one Hundred Dollars each and if either one of them should die without children before this will is probated their part will revert to my estate.  And to the heirs of my brother P. L. Chaney One Thousand Dollars and if one of them should die without children before will is probated their part will revert to my estate

" 'And to Pauline wife of Emory C. Chaney Five Hundred Dollars

" 'And to Martha McCarty Five Hundred Dollars

" 'And if from any cause there should not be enough money to pay all the bequests the money to be prorated among the heirs and if there should be more than is set apart it is to be prorated among the heirs in proportion to their amount.

" 'In addition to the above I give to Buckners Orphan Home Six Hundred Dollars with any deductions or additions My Executor to use his judgment as to selling what land and other property I may have to pay money to my heirs as fast as collected and to receive himself all the law allows for his services and expense.

W. M. Chaney

" 'Witness   James E. Jarvies

" 'This Sept.—3rd 1925   J. Ray White."

"It was alleged that the will had been duly probated, and that the executor had duly qualified and had delivered to the devisees named in the will the shares respectively devised, but that there was a large residue of the estate yet to be disposed of.  In his petition, the executor states that he was unable to interpret the clause of the will that disposed of the residuary estate reading as follows:

" 'And if from any cause there should not be enough money to pay all the bequests the money to be prorated among the heirs and if there should be more than is set apart it is to be prorated among the heirs in proportion to their amount.'

"The respective heirs and devisees interested were all made parties, and it is undisputed that of those named in the will, some are the heirs of W. N. Chaney, in the technical meaning of that term, while others are not so related to him as to inherit under the statutes of descent and distribution.  It is the contention of the heirs that by the clause of the will, of which the executor seeks an interpretation, the residuary estate is to be prorated among the heirs of W. N. Chaney, and that the beneficiaries who are not heirs are to be excluded from participation.

"At a hearing, the court below rendered a judgment which recites the appearance of the parties, the due execution and probation of the will, the appointment of E. C. Chaney as executor, the payment by the executor of the several bequests, and the value of each, except the beneficiary J. A. McCarty, and further found:

" 'that said will provided if testator's estate should be more than enough to pay all of the above bequests, then in such an event, that the remainder of residue of said estate after paying all of the bequests, should be prorated among the 'heirs' in proportion to their amounts, and the court finds that by such expression of the testator he meant and intended that such residue should be divided among all of the legatees above mentioned in this judgment and said will, in the proportion that the value of the bequests given to each respective legatee, as above set forth, shall bear to the total amount of all of the bequests above enumerated.'

"From the judgment so rendered, the appellants, who are the heirs of deceased, W. N. Chaney, have duly appealed.

"*   *   *   *   *

"There is in the statement of facts an agreement specifying the names of the heirs, as follows:

" 'A. S. Chaney, brother, Fort Worth

Emory C. Chaney, the executor, a nephew.

Mrs. Virginia Foaker, wife of Ben Foaker, of Oklahoma City, a niece.

W. W. Chaney, Glendale, Arizona, a nephew

Myrtle Stidham, wife of Henry Stidham, Blair, Oklahoma, a niece.

Mrs. Nannie E. Lance, wife of Harold Lance, Altus, Oklahoma, a niece.

All of those just named being the children of P. L. Chaney, deceased, and P. L. Chaney being the brother of W. M. Chaney.

Williams J. McCall, nephew.

Lonnie McCall, nephew.

Mrs. Rosie Hair, wife of W. E. Hair and Mrs. Lillie Hair, wife of M. M. Hair, nieces.

They are the surviving children of Sallie E. McCall, sister of W. M. Chaney.

Bessie Church, Dorothy Church, R. L. Church and Beatrice Church, all minors, and they are the children of Mrs. Nettie Church, being a niece and the daughter of Mrs. Sallie E. McCall, a sister of W. M. Chaney, deceased.

T. C. Church, the father of these children is alive and is the surviving husband of Nettie Church.

J. E. McCall, the surviving husband of Sallie McCall, deceased.

Mrs. Mabel Derryberry, wife of John Derryberry, a niece.'

"J. Ray White testified that he was acquainted with the property in Block 1 that was in the possession of W. M. Chaney at the time of his death, and by the terms of the will devised to Mrs. Josie Johnson, the wife of Charles G. Johnson. He qualified himself to speak as to value, and gave it as his opinion that the property referred to was worth at least $2000.00, and in this he was corroborated by Charles Johnson, Josie's husband.

"The record discloses that the heirs of the deceased, as distinguished from the devisees, were all given by the testator, specific and definite sums of money; that of the legatees, however, who were not heirs, Josie Johnson received real estate. Geo. T. McCarty had cancelled a vendor's lien note on real estate. The heirs of W. E. McCarty had cancelled and given to him a promissory note. J. A. McCarty was given all notes and accounts which the testator now held against him to be repaid to the estate at his death.

"There is no evidence showing, or tending to show, the degree of intimacy or state of feeling existing between the deceased and any of the legatees, or indeed, of the heirs. Nor is there evidence showing or tending to show the financial condition of any of these parties, or whether

any condition existed that would cause or tend to cause the deceased to prefer those who were his heirs, rather than those who were his devisees, save and except that of kinship between the heirs and the testator.

"The vital question, as we view the record, is whether, as appellant insists, the trial court erred in not finding that the clause relating to the disposition of the residuary estate meant that that estate was to be distributed among the heirs of W. M. Chaney to the exclusion of the devisees who were not heirs.

"On a former day, as will be seen by our opinion in this case, transmitted herewith, we adopted the construction given the will by the trial court and affirmed the judgment, but having again considered the case on the motion for rehearing filed in behalf of appellant, we are not satisfied with our former conclusion, because of which and because of the equity involved, we deem it advisable to certify to your Honorable· Court for determination the question of whether the trial court erred in his construction and judgment and did this court err in affirming the judgment below."

In the first paragraph of the will, the executor is expressly authorized and in effect directed, by the testator, "to pay to my heirs such sums of money or property as I set apart for them." It thus appears that the testator, at the outset, meant to divide his "Heirs" (meaning the beneficiaries of his will) into two classes. One of these classes to be composed of those to whom property other than money was to be "set apart"; the other class to be composed of those to whom "sums of money" were to be "set apart". In the succeeding clauses of the will (leaving out of consideration, for the present, the residuary clause) the division line between these two classes of "heirs" is more definitely marked. To Mrs. Johnson, Geo. T. McCarty, J. A. McCarty and the heirs of W. E. McCarty, specific property is bequeathed; to all the other legatees, sums of money are bequeathed. Up to this point, in the consideration of the case, nothing is found which manifests a purpose, on the part of the testator, to "set apart" to Mrs. Johnson, Geo. T. McCarty, J. A. McCarty and the W. E. McCarty heirs, any "sums of money", or to require the executor to pay them any money. If, therefore, such a purpose is to be found at all, it must be found in the provisions of the residuary clause itself. Here we pause to say that a consideration of the will as a whole reveals that the testator meant to require the sale by the executor, of all the property belonging to the estate (except the specific property devised or bequeathed to the benficiaries just mentioned), for the purpose of distributing the proceeds of sale in accordance with the terms of the will. We now take up the residuary clause for examination in the light of all the other provisions of the instrument. In this clause it is provided that "if, from any cause, there should not be enough *money to pay all bequests,* the money to be prorated among the heirs." This language, reasonably

construed, refers to the money bequests in other parts of the will, and signifies a purpose, on the part of the testator, to provide a ratable distribution of money, upon the happening of the contingency stated, among the legatees (here denominated as "the heirs") to whom said money bequests are made. The alternative provision of the residuary clause reads: "and if there should be more (money) than is set apart (to these 'heirs'), it is to be prorated among the heirs in proportion to their amount." Here again the class, composed of all those legatees to whom sums of money are bequeathed or "set apart" by other provisions of the will, was contemplated by the testator as embracing and defining the beneficiaries among whom he meant this money to be "prorated" in proportion to the specified "amount" of their respective legacies. It is to be observed that this interpretation brings into harmony with one another all the provisions of the will, including the provision by which a bequest of $600 "with deductions and additions" is made to Buckners Orphan Home; and the provision "My executor to use his judgment as to selling what land and other property I may have to pay my heirs as fast as collected. * * *"

It appears from the certificate that there are four surviving children of Sallie E. McCall, deceased, and four children of a deceased daughter of Mrs. McCall. In view of this fact we think it reasonable to conclude that by the provision bequeathing to "the five heirs of my sister, Sallie E. McCall one hundred dollars each", the testator meant to bequeath the sum of $100 to each of the four children of Mrs. McCall, and $100 to her four said grand children, jointly.

The judgment of the trial court is erroneous, and we recommend that the certified question be so answered.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.