In the Matter of the Construction of the Will of WILLIAM W. McLAUGHLIN, Deceased.

Surrogate's Court, New York County, June 18, 1948.

*Earle J. Starkey* for City Bank Farmers Trust Company, as trustee under the will of William W. McLaughlin, deceased, petitioner.

*Jefferson Armstrong* and *William Francis Gavin* for Frances I. McLaughlin, as executrix of William W. McLaughlin, Jr., deceased, respondent.

*Frederick L. Kane* for Mary Ziegfield, respondent.

*John W. Hannon,* special guardian for Nancy Mathews and others, infants, respondents.

DELEHANTY, S.   The trustee of the trust created by the will of deceased seeks here a construction of the will respecting the powers of the trustee in the circumstances now present.   The occasion for the construction arises because one of the four residuary trusts (that for William W. McLaughlin, Jr.) has terminated by reason of the death of the income beneficiary. The will provides that in the case of such death of an income beneficiary the principal is payable to his lawful issue, if any, or — if he leave none — to the survivors among the other trust

beneficiaries and the surviving issue of any such beneficiary who had died before the termination of the trust. Here the life beneficiary left no issue and as a result the trust principal became payable to the three surviving trust beneficiaries. The trust corpus (except for tangibles of nominal value) consists of an undivided interest in three parcels of real estate which have been administered *in solido* as the capitals of the four residuary trusts originally created by the will.

The first question is presented respecting the power of sale granted by the fifth paragraph of the will. This paragraph says: " Realizing the present world-wide depression, particularly insofar as the same affects real estate values, I hereby give to my Executrix and Trustee absolute discretion to determine when and under what circumstances any real estate owned by me, or in which I am interested in any way, shall be sold. By ' real estate ' I mean to include not only real estate to which I myself have title, but also real estate, the title to which is held for me by any of my children, or by any other persons, and also real estate held or owned by any corporation in which I have an interest." All parties in interest except one daughter of deceased agree that the power of sale and also the right of continued management of the entire realty survived the death of the life beneficiary. Emphasis is placed by many of the interested parties upon the practical necessity for joint administration of the realty in order to conserve the property rights of all beneficiaries under the will. While such considerations of practical convenience are of interest they are not controlling. The question is one of law.

The authorities say that a general, unlimited and unrestricted power of sale of realty is not inconsistent with the devise to another of a vested interest in the same property. These cases say that if the tenor of a will does not limit the power to sell expressly or impliedly upon the trust term, the power is deemed to continue unaffected by the passing of the title to the trust *res* (*Cussack v. Tweedy*, 126 N. Y. 81; *Hutkoff v. Winmar Realty Co.*, 211 App. Div. 726). Commentators are in agreement with these principles (Chaplin on Express Trusts and Powers, p. 570; 3 Scott on Trusts, pp. 1890–1891).

It is now settled law (*Matter of Miller*, 257 N. Y. 349) that title to real estate which constitutes the corpus of a trust vests in the remainderman perforce the provisions of the will and immediately upon the termination of the intervening estate. The incidents of ownership thus acquired are complete and

unencumbered except for the power of sale which still remains in the trustee. This will does not authorize the trustee to continue as such to manage realty interests which have vested in the remaindermen (*Van Cott* v. *Van Cott,* 167 App. Div. 694, affd. 219 N. Y. 673; *Myers* v. *Bolton,* 157 N. Y. 393). As a practical business matter the trustee may assume authority over the premises as tenant in common and may manage the properties preserving them from waste and injury so long as it does not interfere with the rights of any cotenant (*Valentine* v. *Healey,* 158 N. Y. 369, 374; *Vlacancich* v. *Kenny,* 271 N. Y. 164, 170; Real Property Law, § 532). Since all but one of the parties agree to such continued management of the property there seems to be no likelihood of real difficulty in the performance of the trustee's duties in respect of the continuing trusts.

Submit, on notice, decree construing the will and determining that the power of sale contained in the will continues as to the entire trust estate, including the share formerly held for William W. McLaughlin, Jr.