## Brown, Executrix, v. Bailey

*Mark T. Milnor,* for executrix.
*Livengood & Nissley,* for defendant.

NEELY, J., May 12, 1952.—This is an action of ejectment wherein plaintiff seeks to recover possession from defendant of certain premises situate in Lower Paxton Township, known as Lots Nos. 59, 60-84 and 85, as shown on Plan of Lots of C. B. Care, recorded in the office for the recording of deeds of Dauphin County in Plan Book D, page 32, and more particularly described in plaintiff's complaint. The case was tried by the court without a jury pursuant to stipulation filed in accordance with the provisions of the Act of April 22, 1874, P. L. 109, 12 PS §688.

It is averred in the complaint that plaintiff is executrix under the will of Belinda J. Peters, deceased; that decedent died testate on September 10, 1950, seized of the premises in question, and by her last will and testament devised this property to her son, Kenneth E. Bortner, who was then in possession; that thereafter on March 5, 1951, by deed duly recorded, Kenneth E. Bortner conveyed the premises to Shirley Lou Bailey, defendant herein.

Plaintiff avers in the complaint that as executrix she is entitled to possession of the premises by virtue of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.101 et seq. She avers that she has not yet

filed any account in this estate, and that the estate of Belinda J. Peters is the owner in fee of the premises.

By way of answer, defendant sets forth in substance that Kenneth E. Bortner was the devisee in possession under his mother's will, that he became owner in fee of the premises upon probate of her will; and that he had the full right to convey good and sufficient fee simple title to defendant herein.

### Findings of Fact

1. Belinda J. Peters died on September 10, 1950, seized and possessed of the following described premises, to wit: . . .

2. By her last will and testament she devised the above described premises as follows:

"Item: I give, devise and bequeath unto my son, Kenneth E. Bortner, all my property, real, personal and mixed, of what nature or kind soever, and wheresoever the same shall be at the time of my death."

3. Testatrix named plaintiff as sole executrix of her last will and testament.

4. To date no account has been filed by the executrix with the Register of Wills and Clerk of the Orphans' Court of Dauphin County.

5. At the time of the death of testatrix, her son, Kenneth E. Bortner, occupied the premises, and therefore was devisee thereof in possession.

6. By deed dated March 5, 1951, Kenneth E. Bortner, devisee, conveyed the premises hereinabove described to Shirley Lou Bailey, defendant who is now in possession thereof.

7. To date no adjudication of the personal property or of the real estate has been made by the Orphans' Court of Dauphin County in favor of Kenneth E. Bortner.

8. Plaintiff executrix has formally demanded possession of the premises from defendant, who has re-

fused to deliver the possession thereof; and she has likewise demanded from defendant a reconveyance of the premises to the estate of Belinda J. Peters; defendant has refused to make such reconveyance.

9. The executrix has not petitioned the Orphans' Court of Dauphin County either to take possession of, administer or maintain the real estate which was occupied by Kenneth E. Bortner at the time of the death of the testatrix, to protect the rights of claimants or other parties having any interest in the estate of Belinda J. Peters, deceased.

10. Plaintiff has stipulated that it is not necessary, in order to protect the rights of creditors, claimants or other parties interested in the estate of Belinda J. Peters, to have the executrix petition the Orphans' Court of Dauphin County either to take possession of, administer or maintain the real estate.

11. And it has not been necessary, in order to protect the rights of creditors, claimants or other parties having any interest in the estate of Belinda J. Peters at any time since the death of testatrix, for the executrix either to take possession of, administer or maintain this real estate according to plaintiff's own stipulation filed in this case.

### Discussion

Plaintiff's contention is that the devisee did not receive legal title to the real estate under the will of testatrix, and would not acquire title until it was formally and legally awarded to him by an appropriate decree of the Orphans' Court of Dauphin County; that since there has been no account filed and the premises therefore have not been awarded to the devisee, Kenneth E. Bortner, even though in possession of the premises, could convey no title to defendant. Plaintiff's contention is that title to the premises is in the estate

of Belinda J. Peters, and that plaintiff as executrix of the estate is entitled to immediate possession.

This contention on the part of plaintiff requires us to explore briefly the provisions of the Fiduciaries Act of 1949. In providing for the devolution of real estate, section 104 of this act, 20 PS §320.104, states:

"Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this act and lawfully by the will and to all orders of the court."

The above section should be considered in connection and in contrast with the provisions of section 103, 20 PS §320.103, relating to the title to personal estate, which reads as follows:

"Legal title to all personal estate of a decedent shall pass at his death to his personal representative, if any, as of the date of his death."

And the commission's* comment, 20 PS §320.104, on these two sections is, we think, particularly worthy of note:

"The distinction made in sections 103 and 104, . . ., between the title to real property and the title to personal property is believed to be justified by their different natures. It is also justified by numerous practical difficulties which would arise if it were declared that legal title to real estate as well as to personal property vests in the personal representative, or that title to personal property vests in the legatees or next of kin. It is considered advisable to make a definite declaration as to where title is located rather than to have the question answered only by examining the various provisions of the Act."

---

* Commission has reference to the members of the committee who were draftsmen of the act.

It is clear from reading these two sections that the act did not make any change in the substantive law, and that real estate under this act devolves upon the heirs or devisees, as it had always done prior thereto.

This passing of legal title, however, to the heirs or devisees according to the Act of 1949 is expressly "subject to all the powers granted to the personal representative by this Act and lawful orders of the court." In some respects this is just what the law provided under the Fiduciaries Act of 1917 since the fiduciary or a creditor could petition the court under the latter act for an order of sale of real estate to pay debts. The new act confers a statutory power of sale upon the personal representative as to real property generally devised. However, the statute expressly states that this power of sale has no application where it is "otherwise provided by the will, if any"; and no such power of sale exists as to real property specifically devised. Real property specifically devised may be sold by order of court upon giving appropriate security when the court deems it desirable for the proper administration and distribution of the estate: Section 541, 543, 20 PS §§320.541, 320.543.

The exercise of powers by the personal representative may, of course, affect the title of the devisee, but until they are exercised title to real property remains in the devisee as provided in section 104 of the act. In discussing section 104, Judge Hunter in the Orphans' Court of Philadelphia County in Brooks Estate, reported in 2 Fid. Rep. 57, 62 (1952), said:

"Fiduciaries Act of 1949, §104, provides that legal title to real estate shall pass at decedent's death to the heirs or devisees, subject to the powers of the personal representative and orders of the court. Clearly, in the case of a specific devise, the real estate is the property of the devisee as of the date of the decedent's death. He is entitled to its rents from that date, and must

pay subsequent taxes, repairs and other expenses of maintenance: See Schott's Est., 11 D. & C. 373. The duty of the executor is to maintain and administer it, if it is not in the possession of the devisee, *and in any event to include it in his inventory and account, and see that the title of the devisee is confirmed by a decree of distribution.* The executor's duties and powers, however, are not inconsistent with a present title in the devisee. In my opinion the expenses and risks of ownership belong to the specific devisee, and residuary legatees are not required to maintain it for his benefit." (Italics supplied.)

It is clear that under the Fiduciaries Act of 1949, the powers, duties and responsibilities of the personal representative are enlarged. Real estate situate within this Commonwealth is now to be included in the inventory and appraisement and accordingly must be accounted for: Section 401, 20 PS §320.401, and sec. 701, 20 PS §320.701. Also see the opinion of Judge Bolger in the Orphans' Court of Philadelphia in Anderson Estate, 77 D. & C. 74 (1951). It is equally clear, however, that the legislature recognized that there should be maintained the well settled distinction between real and personal property by reason of their different natures.

Having in mind then that under the provisions of sec. 104 title to real estate passes to the devisee subject to the powers of the personal representative, we must determine in this case what those powers were with respect to the real estate in question. Clearly, Bortner took title to this property, but did the executrix have any powers reserved to her that would entitle her to possession of the premises as claimed?

Section 501 of the Act of 1949, 20 PS §320.501, made an important change in the law. It imposed upon the personal representative upon decedent's death the duty to take possession of, maintain and administer

all the real estate of decedent. There is, however, this important exception, viz., "except real estate occupied by an heir or devisee." The real estate in question was occupied by the devisee at the time of the death of testatrix. Under the plain provisions of this section of the act, there was no power on the part of the executrix to take possession of this real estate at the time of decedent's death. The act provides the circumstances under which the personal representative may take possession of, maintain and administer real estate occupied by a devisee, viz., by order of court in the event "this is necessary to protect the rights of claimants or other parties."

It is agreed in this case by stipulation filed that plaintiff has not applied to the Orphans' Court of Dauphin County for any order to take possession of, administer or maintain these premises, and plaintiff has stipulated that it is not necessary to do so to protect the rights of claimants or other parties interested in any way in this estate. Since the executrix had the power to take possession of these premises under an order of court only in the event that it became necessary to protect the rights of claimants or other parties in interest, and since plaintiff has agreed that her possession has not been necessary for these purposes, there could not at any time have been an order of court directing plaintiff to take possession of this real estate.

Since the devisee as a matter of law took title subject to the right of the executrix to have possession under an order of court, and since that right of possession under the plain meaning of plaintiff's own stipulation did not exist at the time Kenneth E. Bortner held title to this property and at the time of the conveyance to defendant, it is therefore our judgment that he could convey title to defendant. One of the purposes of the Fiduciaries Act of 1949 undoubtedly is to permit the personal representative to take possession and con-

serve real estate, not only for the benefit of the heirs or devisees but for the benefit of the estate if it should be necessary to convert it for the purposes of administration and distribution. Possession of this real estate by the executrix, however, could serve no useful purpose in the administration of the estate under the facts existing in this case. Even though title to the real estate was in the devisee and is now in the grantee, the executrix should include the property in her inventory and account, the title to be confirmed in defendant as the devisee's grantee.

The question remains as to whether or not the provisions of sec. 501 directing the personal representative to take possession of the real estate not occupied by a devisee would have application to the title of the grantee, defendant in this case. We think not. The devisee, Bortner, at the time of the conveyance to defendant, held title free of any right of possession in the executrix under the facts in this case, and that title in our judgment he could convey to this defendant. And there is no present necessity for possession in plaintiff for the purpose of the administration and distribution of this estate.

Ejectment is essentially a possessory action. Plaintiff has stipulated that the only condition that would entitle her to take possession of these premises is nonexistent. We therefore feel that plaintiff has shown no right to the immediate possession of the real estate in question, and for that reason she is not entitled to prevail in this action of ejectment.

From the foregoing we state the following:

### Conclusions of Law

1. Title to the real estate in question was in Kenneth E. Bortner, devisee in possession under the will of Belinda J. Peters, deceased, and plaintiff executrix is entitled to possession only by order of court and

upon showing that her possession is necessary to protect claimants and other parties interested in the estate.

2. There was not on March 5, 1951 or prior thereto, and there is not now, any necessity for plaintiff to have possession of these premises to protect the rights of claimants or other parties.

3. The deed of March 5, 1951, from Kenneth E. Bortner, devisee in possession, conveyed title to defendant subject to such powers as the executrix would have to take possession.

4. Since there was no necessity to have possession in plaintiff executrix to protect the rights of claimants and other parties at the time the premises were conveyed to defendant, and there is not now any such necessity, plaintiff does not show any right to the possession of these premises.

And we therefore make the following:

### Order

And now, May 12, 1952, we find in favor of defendant and against plaintiff; judgment to be entered for defendant in accordance with this finding unless plaintiff files exceptions hereto within 30 days, in accordance with the Act of April 22, 1874, P. L. 109, as amended, 12 PS §689.